EUGENE WARTELLE, Agent, &c., *v.* JOHN P. HUDSON et al.

The maker of a promissory note, transferred by the holder to the vendor of property, cannot resist payment on the ground that the vendor had no authority to sell.

Suit on a note payable to the order of H . & R , but endorsed by H. alone.  *By the Court:*  The defective endorsement on the note was cured by the subsequent declaration of R., that H was authorized to use the note as he did : the date of that declaration is immaterial.

APPEAL from the District Court, Parish of St. Landry, *Cushman,* J., presiding.  *Garland & Lastrappes,* for plaintiff.  *Linton,* for defendant and appellant.

ROST, J.  The plaintiff, acting as agent of *Fremont* and wife, who reside out of the State, sold four slaves to *Fergus Hathorn,* one of the defendants, and received, in part payment, a note subscribed by the other defendant, *John P. Hudson,* payable to the order of *Hathorn* and *Reeves,* and endorsed by *Hathorn* in his own name.  This note was protested at maturity, and the plaintiff now seeks to recover the amount of it from the drawer.  The petition also prays for judgment against *Hathorn,* and that the slaves sold may be subjected to the mortgage retained upon them to secure the payment of the price.

*Hathorn* made no defence.  *Hudson* pleaded the general issue, that the plaintiff had no authority to sell the immovable property of *Fremont* and wife,

and that *Hathorn* was likewise without authority to transfer a note belonging    <span style="float:right">WARTELLE<br>*v.*<br>HUDSON ET AL.</span>
to the firm of *Hathorn & Reeves* for his private benefit.

There was judgment against the defendants *in solido*, and *John P. Hudson* has appealed.

Had the defendant *Hathorn* set up the defence of the appellant, it would have been a serious question whether the power of attorney, under which *Wartelle* acted, authorized him to sell the slaves of his principles; but as he has not raised that objection, it is clear that his debtor had no capacity to raise it. He owes the amount of the note, and is bound to pay it to the assignee of his creditor, who is a party to the suit, and does not object to the payment.

The defective endorsement on the note was cured by the subsequent declaration of *Reeves*, that *Hathorn* was fully authorized to use the note as he did; the date of that declaration is immaterial.

There was no obligation *in solido* between the defendants, but as they are each bound for the whole amount of the judgment, the objections to its form are mere verbal criticisms and do not authorize the reversal of it.

The judgment is affirmed, with costs.